e-Filing

Denis S. Kenny (Bar# 178542)
SCHERER SMITH & KENNY LLP
140 Geary Street, 7th Floor
San Francisco, CA  94108
Telephone: (415) 433-1099
Facsimile: (415) 433-9434

Attorney for Plaintiff and Cross-Defendant
Healthcare Consulting and Staffing Services, Inc.,
a California corporation

**FILED**

JUL 2 1 2005

**RICHARD W. WIEKING**
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEALTHCARE CONSULTING AND STAFFING SERVICES, INC., a California corporation, | Case No.: CV 05-00222 VRW |
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER RE: APPROVAL OF SETTLEMENT AGREEMENT |
| vs. | |
| HEALTH FORCE STAFFING, LLC, a Ohio limited liability company, HENRY "HANK" WEAVER, individually and in affiliation with a Mississippi-based company doing business as CRISIS NURSE, legal form as yet unknown, MARY ELLEN FARRIS, an individual, MICHAEL DURAN, an individual and DOES 1 through 20 inclusive, | Trial Date: October 31, 2005<br><br>Hon. Vaughn R. Walker |
| Defendants. | |
| HEALTH FORCE STAFFING, LLC and HENRY WEAVER, | |
| Cross-Complainants, | |
| vs. | |
| HEALTHCARE CONSULTING AND STAFFING SERVICES, INC., a California corporation, ROES 1 through 20, inclusive, | |
| Cross-Defendants. | |

STIPULATION AND ORDER RE: APPROVAL
OF SETTLEMENT AGREEMENT

USDC Northern Dist. Case No.: CV 05-00222 VRW

THE PARTIES TO THIS ACTION, BY AND THROUGH THEIR COUNSEL OF RECORD, STIPULATE AS FOLLOWS:

The parties have entered into a Settlement Agreement and Release of Claims (the "Settlement Agreement") dated July 7, 2005, an executed copy of which is attached hereto as Exhibit A. The Settlement Agreement is conditioned on the Court's approval of its terms and conditions, including, most notably, the terms addressing the Court's administrative closure of this case (the "Lawsuit") and exercise of continuing jurisdiction over this matter pending the completion of the twenty-six (26) month non-compete provisions (the "non-compete agreement" or the "non-compete provisions") set forth in Article Two of the Settlement Agreement.

Since Defendants' agreement not to compete with plaintiff HCSS outlined in Article Two of the Settlement Agreement is the most important provision of the Settlement Agreement for HCSS, the parties have, pursuant to Article Three of the Settlement Agreement, agreed to have this Lawsuit administratively closed by the Court pending the expiration of the 26-month term of the non-compete agreement without a judicial determination of a violation by any Defendant, and absent a judicial determination that the non-compete agreement is wholly or partially unenforceable. In addition to HCSS's right to seek injunctive relief against Defendants, or any of them, for breach of the non-compete agreement in Article Two, HCSS shall also have the right to reinstate its claims in the Lawsuit by filing a motion noticed under Civil L.R. 7-2 and supported by evidence that a violation of the non-compete agreement has occurred. After the expiration of the term of the non-compete agreement, and absent a judicial determination that the non-compete agreement is wholly or partially unenforceable, HCSS and the Defendants shall prepare and submit to the Court a Stipulation and Proposed Order to Dismiss the Lawsuit pursuant to Rule 41 of the Federal Rules of Civil Procedure. The parties expressly agree that if

STIPULATION AND ORDER RE: APPROVAL
OF SETTLEMENT AGREEMENT

USDC Northern Dist. Case No.: CV 05-00222 VRW

2

1  HCSS obtains a judicial determination that any of the Defendants violated the non-compete

2  agreement, then the claims of the present Lawsuit shall not be dismissed as to that Defendant or

3  those Defendants absent a further written agreement between HCSS and that Defendant or those

4  Defendants.

5

6      Pursuant to Article Seven, Sections 7.01, 7.02 and 7.03 of the Settlement Agreement, the

7  parties' mutual release of claims shall take effect upon the expiration of the term of the non-

8  compete agreement described in Article Two without a judicial determination of a violation by

9  any Defendant, and absent a judicial determination that the non-compete agreement is wholly or

10  partially unenforceable.

11

12      IT IS SO STIPULATED.

13

14  Dated: _7/7/05_

15

16                                    SCHERER SMITH & KENNY LLP

17                                    By: _____

18                                    Denis S. Kenny
                                      Attorney for Plaintiff and Cross-Defendant
19                                    HEALTHCARE CONSULTING AND
                                      STAFFING SERVICES, INC.

20  Dated: _July 7, 2005_

21

22                                    LAFAYETTE & KUMAGAI LLP

23                                    By: _____

24                                    Paul Yang
                                      Attorney for Defendants and Cross-
25                                    Complainants HEALTH FORCE STAFFING,
                                      LLC, HENRY WEAVER, CRISIS NURSE,
26                                    MARY ELLEN FARRIS, DURAN DURAN

27

STIPULATION AND ORDER RE: APPROVAL
OF SETTLEMENT AGREEMENT

USDC Northern Dist. Case No.: CV 05-00222 VRW

3

1    For good cause shown, this Stipulation and the Settlement Agreement to which it refers

2    are hereby approved.  Accordingly, the Lawsuit is hereby administratively closed and subject to

3    the Court's exercise of continuing jurisdiction as outlined in the Stipulation and the Settlement

4    Agreement.

5

6    **IT IS SO ORDERED.**

7

8    DATED:    2 1 JUL 2005

9

10                                     JUDGE VAUGHN R. WALKER

11

12

13

14   S:\DOCUMENT\Healthcare Consulting and Staffing\Health Force Dispute\Pleadings\Stipulation and Order re Settlement.doc

15

16

17

18

19

20

21

22

23

24

25

26

27

STIPULATION AND ORDER RE: APPROVAL
OF SETTLEMENT AGREEMENT

                                                     USDC Northern Dist. Case No.:  CV 05-00222 VRW

# EXHIBIT "A"

# <u>SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS</u>

This Settlement Agreement and Mutual Release of Claims (the "Settlement Agreement") is entered into on __July 7__, 2005 (the "Effective Date") by and between Plaintiff and Counterclaim Defendant, Healthcare Consulting and Staffing Services, Inc., a California Corporation, ("HCSS"), and Defendants Mary Ellen Farris and Michael Duran, and Defendants and Counterclaimants Henry Weaver and Health Force Staffing, LLC, an Ohio Limited Liability Company, and its affiliated companies, including without limitation Crisis Nurse. Health Force Staffing, LLC and its affiliated companies shall be referred to herein as "Health Force." Defendants Weaver, Farris, Duran and Health Force shall be referred to herein as "Defendants."

**WHEREAS,** Defendants Weaver, Farris and Duran were formerly employed by HCSS and signed Confidential Disclosure Agreements during their employment;

**WHEREAS,** Defendant Weaver is currently employed by Health Force;

**WHEREAS,** HCSS owns a Nurse Database which allegedly contains confidential information, including without limitation lists of and information concerning nurses;

**WHEREAS,** HCSS contends that Defendants Weaver and Duran misappropriated the trade secrets of HCSS, including without limitation the Nurse Database, during and after his employment with HCSS, and that Defendants made improper use of the trade secrets;

**WHEREAS,** in December 2004, HCSS filed a lawsuit against Defendants alleging misappropriation of trade secrets, in the Superior Court of the State of California, County of San Francisco, entitled <u>Healthcare Consulting and Staffing Services v. Health Force Staffing, et al.</u>, Case No. CGC 04-437054;

**WHEREAS,** Defendants removed the case to the United States District Court in the Northern District of California, San Francisco Division, and the case is now captioned as <u>Healthcare Consulting and Staffing Services v. Health Force Staffing, et al.</u>, Case No. CV 05-00222 VRW (Walker, C.J.);

**WHEREAS,** after the removal of the case to federal court, Defendants Health Force and Weaver have asserted counterclaims against HCSS for tortious interference with their contractual relationships and prospective business advantage; and

**WHEREAS,** the parties desire to settle all claims asserted by HCSS in its complaint and all counterclaims asserted by Health Force and Weaver in their counterclaims (collectively referred to as "the Lawsuit" or "the Litigation") and to put an end to the proceedings.

**NOW, THERFORE,** in consideration of the mutual promises set forth below, and intending to be legally bound, the parties hereto agree as follows:

# Article One
# Payment

Defendants agree to pay HCSS the sum of Fifteen Thousand Dollars ($15,000.00) within fifteen (15) calendar days of their receipt of the Court's order approving the Settlement Agreement via a check payable to the order of HCSS and its attorneys, Scherer Smith & Kenny LLP.

# Article Two
# Non-Compete Agreement

Except as expressly noted below, Defendants agree that they, including their agents, affiliates, assigns, successors, representatives, employees, contractors, members, managers, officers, and shareholders shall not in any individual or representative capacity for a period of twenty-six (26) months, commencing on the Effective Date, directly or indirectly, in any manner whatsoever:

   (a)    Engage or participate in or provide services to any business that engages in the "Primary Business" of HCSS; or

   (b)    Assist other companies or individuals engaged in any business that engages in the "Primary Business" of HCSS.

"Primary Business of HCSS" is defined to mean and refer to the business of providing temporary replacement nurses to health care facilities within the United States experiencing a labor dispute. The twenty-six (26) month non-compete provisions in this Article Two shall be referred to herein as the "non-compete agreement" or the "non-compete provisions."

HCSS and Defendants agree that Health Force has a pending contract to provide replacement nurses to a heath care facility in Kentucky, and that Health Force is expressly authorized pursuant to this Settlement Agreement to fulfill its obligations under that staffing contract. HCSS and Defendants agree that this shall be the only exception to the twenty-six (26) month non-compete agreed to by the parties, and that if Health Force's performance under the staffing contract extends beyond sixty (60) days from the Effective Date, then it will have breached the non-compete provision provided herein. Further, Health Force's performance under the Kentucky staffing contract shall be subject to the Order Granting Preliminary Injunction entered by the Court on March 8, 2005. Further, HCSS agrees that neither it nor any person or entity affiliated with it will do anything to interfere directly or indirectly with Health Force's ability to fulfill its obligations under the Kentucky staffing contract.

Defendants understand and agree that the violation of the non-compete agreement described in this Article Two will likely result in irreparable injury to HCSS and that an award of monetary damages alone would be difficult to measure and would not likely provide HCSS with adequate relief. If HCSS

believes that any of the Defendants has breached its obligations under this Article Two, then it shall have the right to seek injunctive relief against that Defendant or those Defendants, including a Temporary Restraining Order and Preliminary Injunction to enjoin the activity or conduct that HCSS asserts stands in violation of Article Two and, if a violation of the non-compete agreement is proved, irreparable injury to HCSS shall be presumed. The Defendants hereby agree that the United States District Court for the Northern District of California shall have jurisdiction to issue such an injunction even if the activity or conduct identified by HCSS takes place outside of California.

# Article Three
## Dismissal of Litigation

Since Defendants' agreement not to compete with HCSS outlined in Article Two is the most important provision of the Settlement Agreement for HCSS, the parties have agreed to have the Lawsuit administratively closed by the Court pending the expiration of the term of the non-compete agreement without a judicial determination of a violation by any Defendant, and absent a judicial determination that the non-compete agreement is wholly or partially unenforceable. The parties acknowledge that the Court's approval of this Settlement Agreement and willingness to enter an order that closes the Lawsuit for administrative purposes while maintaining jurisdiction over the Lawsuit are material conditions for HCSS, and that if the Court refuses to grant such approval and enter such order, then none of the terms of the Settlement Agreement are enforceable against any party.

The parties have agreed to the following procedures to carry out their intentions without imposing undue administrative burdens on the Court and its staff:

- The parties will submit a fully executed copy of this Settlement Agreement to the Court as an Exhibit to a Stipulation and Proposed Order that will explain the reasons why the case should be administratively closed and not dismissed.

- If HCSS obtains information that any of the Defendants has violated the non-compete agreement, then it or its attorney shall give written notice of its belief that a violation has occurred, and request that the alleged violator provide evidence to rebut the allegation or to cease its alleged misconduct immediately.

- If HCSS has given the required written notice and reached the conclusion that the alleged violator will not voluntarily cease its misconduct, then HCSS may file a new action for breach of the non-compete agreement in the United States District Court for the Northern District of California as a related case to the pending action (Case No. CV 05-00222 VRW) and request that the new case be assigned to Judge Vaughn Walker pursuant to Civil L.R. 3-12. HCSS may seek in the new case an order for injunctive relief against the accused violator or violators, including a Temporary Restraining Order and Preliminary Injunction to enjoin the activity or conduct that HCSS asserts stands in violation of the non-compete agreement. The parties expressly agree that the Defendants shall not have joint and several liability for any violations of the non-compete agreement, and that a

Page 3

violation by one of them will not make the others liable to HCSS unless an employment or agency relationship existed at the time of the alleged violation.

- In addition to its right to seek injunctive relief against Defendants, or any of them, for breach of the non-compete agreement in Article Two, HCSS shall also have the right to reinstate its claims in this Lawsuit by filing a motion noticed under Civil L.R. 7-2 and supported by evidence that a violation of the non-compete agreement has occurred. The parties expressly acknowledge that, unless an employment or agency relationship existed at the time of the alleged violation of the non-compete agreement, the Defendants shall not have joint and several liability for any violations of the non-compete agreement, and that a violation by one of them will not make the others liable to HCSS for any of the claims of the present Lawsuit that may be reinstated by the Court if HCSS is able to sustain its burden of proving that a violation of the non-compete occurred. If HCSS is able to meet its burden of proof and the Court reinstates HCSS's claims against Health Force or Henry Weaver, then the counterclaims asserted by Health Force or Henry Weaver shall also be deemed reinstated by the Court. The parties expressly agree that they will not raise the statute of limitations or laches as defenses if the claims and/or counterclaims of the present Lawsuit are subsequently reinstated by the Court pursuant to the procedure set forth in this Article Three.

- After the expiration of the term of the non-compete agreement, and absent a judicial determination that the non-compete agreement is wholly or partially unenforceable, HCSS and the Defendants shall prepare and submit to the Court a Stipulation and Proposed Order to Dismiss the Lawsuit pursuant to Rule 41 of the Federal Rules of Civil Procedure. The parties expressly agree that if HCSS obtains a judicial determination that any of the Defendants violated the non-compete agreement, then the claims of the present Lawsuit shall not be dismissed as to that Defendant or those Defendants absent a further written agreement between HCSS and that Defendant or those Defendants.

# Article Four
# No Admission

By making this Agreement, the parties each do not admit any liability to the others or that any of them engaged in any wrongdoing or unlawful conduct. The parties specifically agree that they are not to advise any third party that any admissions of guilt or liability were made by any party in connection with the settlement of this matter.

# Article Five
# Confidentiality and Non-Disclosure

The parties agree that the terms of this Settlement Agreement ("Confidential Information") are confidential. The parties further agree that the confidentiality of this

Settlement Agreement is a material term for Defendants because they are concerned that any disclosure of the Settlement Agreement may be construed as an implied admission that the allegations of HCSS were proved or have merit. Unless otherwise required by law, the parties mutually agree not to disclose information relating to the existence or terms of the Settlement Agreement to any person except their officers, directors or managing members, or their attorneys, accountants, tax advisors, and their immediate family members. HCSS also agrees not to furnish or disclose Confidential Information to any person not privileged to have it and without the written consent of Defendants or their attorneys. The disclosure of Confidential Information in violation of the terms of this Agreement is deemed to be a material breach of this Agreement, and if any party bound by this Agreement is found to have violated its duty not to disclose Confidential Information, then that party shall be liable to the other parties for compensatory damages according to proof. The parties agree that the provisions of this Article Five shall not apply if the Court makes a determination under Article Three that one or more of the Defendants have violated the non-compete agreement.

# Article Six
# Prohibited Conduct for Health Force and Affiliates

### Section 6.01    Enforceability of Non-Compete Clause

The parties expressly acknowledge that the non-compete agreement described in Article Two is the most important factor in and condition of HCSS's decision to enter into this Settlement Agreement. The parties further acknowledge that HCSS believes the non-compete agreement is necessary and narrowly-tailored to protect its trade secrets. In consideration of these concerns, Defendants agree never to raise any argument in correspondence or in papers filed with any court asserting that Article Two is wholly or partially unenforceable under California Business & Professions Code § 16600 or any other statute or case law. The parties hereby agree that if HCSS seeks a judicial determination that one or more of the Defendants have breached Article Two, and/or if any of the Defendants seeks a judicial determination that the non-compete agreement is unenforceable, and the Court later determines that the non-compete agreement is wholly or partially unenforceable under California Business & Professions Code § 16600 or any other statute or case law, then the Defendants shall be jointly and severally liable to pay HCSS the lump sum of $100,000 within sixty days of such determination.

# Article Seven
# Mutual Release

### Section 7.01    Release of Health Force and affiliates

Effective upon the expiration of the term of the non-compete agreement described in Article Two without a judicial determination of a violation by any Defendant, and absent a judicial determination that the non-compete agreement is wholly or partially

unenforceable, HCSS, on behalf of itself and its agents, officers, directors, employees, representatives, attorneys, successors, and assigns,

- releases and discharges forever all claims and causes of action raised in the Litigation against Health Force, Mr. Weaver, Ms. Farris, and/ or Mr. Duran including:  any claims relating to Mr. Weaver's, Ms. Farris' and/or Mr. Duran's employment with HCSS; any claims (including counter-claims) raised relating to the facts that served as a basis for HCSS's claims in the Litigation; and any claims, including claims for attorney's fees, arising under any federal, state, California, or local law relating to the facts that served as a basis for HCSS's claims in the Litigation;

- agrees not to file any lawsuit, claim or counterclaim seeking damages or other relief or asserting any of the claims that are lawfully released in this Section 7.01; and

- irrevocably and unconditionally waives any and all rights to recover any relief and damages concerning the claims that are lawfully released in this Section 7.01.

HCSS represents and warrants that it has not given or sold any portion of any claims to be released herein to anyone else, and that it will indemnify and hold harmless the persons and entities to be released herein from all liabilities, claims, demands, costs, expenses and/or attorney's fees incurred as a result of any such assignment or transfer.

## Section 7.02    Release of HCSS

Effective upon the expiration of the term of the non-compete agreement described in Article Two without a judicial determination of a violation by any Defendant, and absent a judicial determination that the non-compete agreement is wholly or partially unenforceable, Defendants, on behalf of themselves and their heirs, agents, representatives, members, managers, officers, attorneys, successors, and assigns

- release and discharge forever all claims and causes of action raised in the Litigation against HCSS, or any of its agents, officers, directors, employees, representatives, attorneys, successors, shareholders, contractors and assigns, including any claims relating to Mr. Weaver's, Ms. Farris' and/or Mr. Duran's employment with HCSS; any claims (including counterclaims) raised in the Litigation relating to the facts that served as a basis for Defendants' claims in the Litigation; and any claims, including claims for attorney's fees, arising under any federal, state, California, or local law relating to the facts that served as a basis for Defendants' claims in the Litigation;

- agree not to file a lawsuit, claim or counterclaim seeking damages or other relief or asserting any claims that are lawfully released in this Section 7.02; and

- irrevocably and unconditionally waive any and all rights to recover any relief and damages concerning the claims that are lawfully to be released in this Section 7.02.

- Health Force, Mr. Weaver, Ms. Farris, and Mr. Duran represent and warrant that they have not given or sold any portion of any claims to be released herein to

anyone else, and that they will indemnify and hold harmless the persons and entities to be released herein from all liabilities, claims, demands, costs, expenses and/or attorney's fees incurred as a result of any such assignment or transfer.

### Section 7.03    Waiver of Unknown Claims

The parties acknowledge that they have read Section 1542 of the Civil Code of California, which provides as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

The parties understand that Section 1542 gives them the right not to release existing claims of which they are not now aware, unless they voluntarily choose to waive this right. Having been so apprised, Plaintiff and Defendants voluntarily and knowingly elect to and hereby do waive the rights described in Section 1542, and elect to assume all risks for claims that now exist in their favor, known or unknown.

The provisions of this Section 7.03 shall become effective upon the expiration of the term of the non-compete agreement described in Article Two without a judicial determination of a violation by one or more of the Defendants and without a judicial determination that the terms of the non-compete agreement are wholly or partially unenforceable.

# Article Eight
# Miscellaneous

### Section 8.01    No Joint and Several Liability

Although Defendants were jointly represented in this Lawsuit, they are executing the Settlement Agreement individually and, except where expressly noted in Section 6.01, reject any suggestion that any basis exists for their joint and several liability for the claims asserted by HCSS in this Lawsuit or in any future case. The alleged violation of the non-compete agreement by any Defendant does not render any of the other Defendants liable to HCSS or any affiliated entity for any present claim that may be reinstated by the Court or any new claim arising from the breach of the non-compete agreement or otherwise. Defendants agree that they may be held jointly and severally liable under the non-compete agreement if, at the time of the alleged violation of the non-compete agreement, they have an employment or agency relationship with the Defendant or Defendants who are found to have violated the non-compete agreement.

### Section 8.02    Waiver

Neither one nor more waivers by any party of a breach of, or a default under, any of the provisions of this Settlement Agreement, nor one or more failures of any party to enforce any of the provisions of this Settlement Agreement shall thereafter be construed

Page 7

as a waiver of any subsequent breach or default of a similar nature, or as a waiver of any provisions, rights, or privileges under the Settlement Agreement.

## Section 8.03     No other consideration

The parties affirm that the terms stated herein are the only consideration for their executing this Settlement Agreement and that no other representations, promises, or agreements of any kind have been made by any person or entity to cause them to execute this Settlement Agreement.

## Section 8.04     Entire Agreement

This is the entire agreement between the parties on the subject matter herein, and it merges and supersedes all prior discussions and negotiations between them on that subject. No modification of or amendment to this Settlement Agreement, nor any waiver of any rights under this Settlement Agreement, will be effective unless it is in writing and signed by the party to be charged.

## Section 8.05     Severability

Invalidity or unenforceability of any provision of this Settlement Agreement shall in no way affect the validity or enforceability of any other provision, which will continue in full force and effect.

## Section 8.06     Governing Law

With the exception of Section 7.03, this Settlement Agreement shall be governed by and construed in accordance with the laws of Mississippi.

## Section 8.07     Acknowledgment

In entering into this Settlement Agreement, the parties acknowledge that they are represented by counsel of their choice or had the opportunity to be represented by counsel of their choice. The parties affirm that they have read this Settlement Agreement in its entirety, have had a full and fair opportunity to consider and understand its terms, and to be advised by their counsel. The parties further acknowledge that they execute this Settlement Agreement of their own free will and without coercion. This Settlement Agreement is the product of collaboration among all of the parties and their attorneys.

## Section 8.08     Successors and Assigns

This Settlement Agreement may not be assigned without the prior consent of HCSS. Subject to the foregoing sentence, this Settlement Agreement will be binding upon the parties' heirs, executors, administrators, and other legal representatives.

## Section 8.09     Counterparts

This Agreement may be executed in two or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. A photocopy or facsimile of the Settlement Agreement, including signatures,

shall be deemed to constitute evidence of the Settlement Agreement having been executed by all parties.

### Section 8.10   Attorneys' Fees

The prevailing party in any action to enforce the terms or conditions of this Settlement Agreement shall be entitled to recover its reasonable attorneys' fees and costs. The entitlement to and amount of the attorneys' fees recoverable by the prevailing party shall be determined by the court upon the filing of a noticed motion. The party against whom attorneys' fees and costs are sought to be imposed shall have the right to conduct discovery on the issue of whether the prevailing party's attorneys' fees and costs are reasonable.

### Section 8.11   Authority

To the extent applicable, the parties represent and warrant that the undersigned signatories have the respective authority to act on behalf of their respective companies and to bind their respective companies to the terms and conditions of this Settlement Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement on the date(s) set forth below.

HEALTH FORCE:

Date _____    KENNETH WEAD, Managing Member of Health Force Staffing, LLC

Date _____    HENRY WEAVER, an Individual

Date _____    MARY ELLEN FARRIS, an Individual

Date _____    MICHAEL DURAN, an Individual

HCSS:

Date 7/5/05    Signature _____

Print Name and Title: _Carol Randazzo, Pres/CEO_

Page 9

shall be deemed to constitute evidence of the Settlement Agreement having been executed by all parties.

## Section 8.10   Attorneys' Fees

The prevailing party in any action to enforce the terms or conditions of this Settlement Agreement shall be entitled to recover its reasonable attorneys' fees and costs. The entitlement to and amount of the attorneys' fees recoverable by the prevailing party shall be determined by the court upon the filing of a noticed motion.  The party against whom attorneys' fees and costs are sought to be imposed shall have the right to conduct discovery on the issue of whether the prevailing party's attorneys' fees and costs are reasonable.

## Section 8.11   Authority

To the extent applicable, the parties represent and warrant that the undersigned signatories have the respective authority to act on behalf of their respective companies and to bind their respective companies to the terms and conditions of this Settlement Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement on the date(s) set forth below.

HEALTH FORCE:

Date 9/7/05

KENNETH WEAD, Managing Member of Health Force Staffing, LLC

Date

HENRY WEAVER, an Individual

Date 7/6/05

MARY ELLEN FARRIS, an Individual

Date 7/7/05

MICHAEL DURAN, an Individual

HCSS:

Date _____   Signature _____

Print Name and Title: _____

Page 9